## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-CR-0079-CVE |
| | ) | |
| CHESTER ALEXANDER, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Suppress and Brief in Support (Dkt. # 21). Defendant Chester Alexander, Jr. asks the Court to suppress statements made to police following his arrest on February 2, 2008, because he claims that he was intoxicated when he spoke to the interviewing officer, Detective Richard Aschoff of the Tulsa Police Department ("TPD").

On February 2, 2008, TPD responded to a domestic disturbance call at 6230 E. Archer St., Tulsa, Oklahoma at 6:00 a.m. TPD Officer Robert Guardiola arrived at the apartment and initiated contact with the residents, Loretta Hamilton and Alexander. Guardiola took a statement from Hamilton. She stated that Alexander came home at approximately 3:00 a.m. and threatened her with a gun. Police recovered a 9 mm pistol from the apartment with the assistance of Hamilton. Alexander was arrested and taken to the police station for questioning. Alexander was placed in a holding room at approximately 7:22 a.m. and Aschoff began the interview at 8:22 a.m. The interview was recorded.

Before Aschoff began the interview, he presented a notification of rights waiver to Alexander and read the form to Alexander. Alexander told Aschoff that he understood his Miranda rights and he would agree to waive those rights if Aschoff would listen to Alexander's side of the story.

Alexander admitted that a gun was found in the apartment and he admitted to using PCP.  However, he denied ownership of the gun and asserted that he did not live at the apartment.  He stated that the gun belonged to "B" and B left the gun at the apartment earlier that evening.  Alexander claimed that he attempted to call B but he could not contact B by phone.  When he could not reach B, Alexander stated that he placed the gun in a cabinet.  After Alexander repeatedly denied ownership or possession of the gun, Aschoff ended the interview.

A statement or confession should not be suppressed simply because the person making the statement was intoxicated, and this is simply a factor in the Court's analysis of the voluntariness of a statement.  United States v. McCullah, 76 F.3d 1087, 1101 n.3 (10th Cir. 1996); United States v. Muniz, 1 F.3d 1018, 1022 (10th Cir. 1993).  The government bears the burden to prove by a preponderance of the evidence that a confession was voluntary.  United States v. Pettigrew, 468 F.3d 626, 633 (10th Cir. 2006).  "The essence of voluntariness is whether the government obtained the statements by physical or psychological coercion such that the defendant's will was overborne."  United States v. Carrizales-Toledo, 454 F.3d 1142, 1153 (10th Cir. 2006) (quoting United States v. Rith, 164 F.3d 1323, 1333 (10th Cir. 1999)).  A court must consider the totality of the circumstances when determining whether a confession is voluntary, including the following non-exclusive factors: "(1) the age, intelligence, and education of the defendant; (2) the length of detention; (3) the length and nature of the questioning; (4) whether the defendant was advised of his constitutional rights; and (5) whether the defendant was subject to physical punishment."  United States v. Lopez, 437 F.3d 1059, 1063 (10th Cir. 2006).  A court should also consider "both the characteristics of the accused and the details of the interrogation" and no single factor should be treated as conclusive.  Id. (quoting United States v. Toles, 297 F.3d 959, 965 (10th Cir. 2002)).

2

Defendant claims that he was intoxicated when he made a statement to Aschoff and his statement should be suppressed as involuntary.  At the suppression hearing, he made a proffer that he was intoxicated during the interview and his attorney argued that he was under the influence of alcohol and PCP.  Defendant does not dispute that he received a <u>Miranda</u> warning before making a statement, but he claims that police took advantage of his alleged intoxication to obtain his statement.  The government responds that defendant voluntarily spoke to Aschoff and, even assuming that Alexander was intoxicated, there is no evidence that Aschoff took advantage of defendant's mental state to obtain incriminating statements from him.

The government has submitted a DVD of Aschoff's interview with defendant and the Court has viewed the DVD.  The DVD shows that Aschoff presented defendant with a form notifying him of his constitutional rights and defendant looked at the form while Aschoff read it.  Defendant signed the form and proceeded to make a statement.  On the DVD, defendant's voice is quiet but he does not appear intoxicated.  He said that a friend left the gun at the apartment earlier that evening but he did not know his friend's full name.  He provided a partial address for his friend, B, and gave Aschoff a telephone number for B.  Defendant stated that he knew it was illegal for him to possess a firearm.  He admitted that he used PCP earlier that evening but he clearly denied ownership of the gun.  In fact, he made coherent arguments refuting the charge against him.  Defendant stated his understanding of the maximum sentence for possession of a firearm after former felony conviction, and showed that he understood the consequences of the charged offense.

The DVD does not suggest that Aschoff engaged in improper coercive behavior during the interview.  Instead, Aschoff asked simple questions and allowed defendant to state his version of the events leading to his arrest.  Although defendant admitted that the gun was in the apartment, he

3

denied ownership or possession of the gun.  Even if defendant was somewhat intoxicated, he voluntarily made a statement denying that he possessed the gun, and Aschoff ended the interview after defendant finished telling his story.  Aschoff informed defendant that he would be taken into custody for allegedly possessing a firearm after former felony conviction and the interview ended. The entire interview lasted 15 minutes and 29 seconds.

This case does not present a Miranda problem, because Aschoff clearly informed defendant of his Miranda rights and defendant agreed to waive those rights.  Instead, the Court must examine the totality of the circumstances to determine if defendant knowingly and voluntarily spoke to Aschoff on February 2, 2008.  In this case, defendant allegedly arrived at Hamilton's apartment at 3:00 a.m. in an intoxicated state.  According to his motion, police did not arrive at the apartment until at least 6:00 a.m.  Dkt. # 21, at 1.  Construing the evidence favorably to defendant, this means that he had three hours to regain his sobriety after he was allegedly intoxicated.[1]  His demeanor on the DVD does not suggest that he was intoxicated when he talked to Aschoff, and defendant clearly understood the nature of the alleged offense.  In fact, he denied any criminal liability for the firearm found in his apartment.  He admitted that a gun was found in his apartment, but he claimed that it belonged to a friend.  Contrary to arguments raised in defendant's motion to suppress, he voluntarily spoke to Aschoff in an attempt to deny any wrongdoing and he repeatedly denied that he "possessed" the gun.  Aschoff testified that defendant's statements regarding PCP alerted him to the possibility that defendant might be under the influence of a controlled substance, and Aschoff actively looked for signs that defendant was.  However, Aschoff did not observe any behavioral

---

[1]     During the interview, defendant did not state that he smoked any PCP after B left the apartment at midnight.  This suggests that over eight hours passed from defendant's consumption of PCP and his interview with Aschoff.

4

impairments, such as slurred speech or stumbling as defendant left the room, and he believed that defendant's responses to questions indicated that defendant understood Aschoff's questions. Aschoff testified that he would have immediately ended the interview if he thought that defendant was intoxicated and he would have checked a box on the notification of rights waiver noting defendant's intoxication. Aschoff did not note any symptoms of intoxication and he did not check the box on the notification of rights waiver.

Applying the five factors set forth in <u>Lopez</u>, the Court finds that defendant's statement was voluntary under the totality of the circumstances. At the time of the interview, defendant was 44 years old and he had attended high school up to the tenth grade. His responses to questions during the interview suggested that he was intelligent and understood the questions posed by Aschoff. The length of the detention was not excessive. Defendant waited approximately one hour in a holding room and he was handcuffed to a chair during that time. However, one hour is not an excessive amount of time and Aschoff testified that he started the interview as soon as he finished working a burglary call. The length of the interview, 15 minutes and 29 seconds, was reasonable. Aschoff advised defendant of his constitutional rights and defendant voluntarily waived those rights after Aschoff agreed to listen to defendant's statement. Finally, there is no evidence that police engaged in physical abuse or other coercive tactics. The Court has considered defendant's alleged intoxication as a factor and finds no evidence that defendant was impaired or intoxicated during the interview. Even if defendant had taken PCP some time before the interview, this does not require the Court to suppress his statement unless defendant's intoxication rendered his statement involuntary under the totality of the circumstances. <u>United States v. Turner</u>, 157 F.3d 552, 555-65 (8th Cir. 1998) (treating alleged PCP intoxication as a factor in the voluntariness inquiry and finding

confession admissible under the totality of the circumstances).  Quite to the contrary, the Court finds

that defendant voluntarily spoke to Aschoff and his statement is admissible at trial.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Suppress and Brief in Support

(Dkt. # 21) is **denied**.

**DATED** this 18th day of June, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT