# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-CR-0079-CVE |
| | ) | (16-CV-0247-CVE-FHM) |
| CHESTER ALEXANDER, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. # 49). On May 2, 2016, defendant filed his motion raising a claim under Johnson v. United States, 135 S. Ct. 2551 (2015), and he argues that he is no longer eligible for sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA).

### I.

On April 9, 2008, a grand jury returned an indictment charging defendant with possession of a firearm after former felony conviction (count one) and possession of a firearm by a user of a controlled substance (count two). Dkt. # 12. The indictment cited 18 U.S.C. § 924(a)(2), under which the maximum sentence defendant faced would have been 10 years imprisonment. Defendant was preparing to exercise his right to a jury trial, but approximately one week before trial defendant filed a motion to suppress (Dkt. # 21) challenging the admissibility of a confession. A suppression hearing was held one day before the trial was scheduled to begin, and the Court denied defendant's motion to suppress the next day. Dkt. # 36. On June 18, 2008, defendant entered a plea of guilty to count one of the indictment with a plea agreement. When preparing for the change of plea

hearing, the parties learned that defendant had additional felony convictions that changed his statutory sentencing range. Instead of a maximum sentence of 10 years, defendant was eligible for sentencing under the ACCA, and he was facing a statutory mandatory minimum sentence of 15 years and a maximum sentence of life imprisonment. The plea agreement contained a stipulation that, pursuant to Fed. R. Crim. P. 11(c)(1)(C), defendant would be sentenced to 15 years imprisonment. Dkt. # 40, at 2.

A presentence investigation report (PSR) was prepared by the United States Probation Office. The PSR stated that defendant had a base offense level of 24 under United States Sentencing Guideline (USSG) § 2K2.1, because he had two or more prior felony convictions for crimes of violence. Defendant used the firearm in connection with an assault with a deadly weapon and he received a four level enhancement. Under USSG § 4B1.4, the probation office determined that defendant had five prior convictions that qualified as violent felonies under the ACCA:

- Robbery with Firearms, CRF-86-1224 (Tulsa County District Court)
- Armed Robbery, CF-1986-1224 (Tulsa County District Court)
- Robbery by Force, CF-2003-5378 (Tulsa county District Court)
- Larceny from a Person, CF-2005-3822 (Tulsa County District Court)
- Assault and Battery, CF-2005-3822 (Tulsa County District Court)

In addition, defendant had prior felony convictions for second degree burglary, larceny from a person, and aggravated assault and battery. Defendant had 14 criminal history points, resulting in a criminal history category VI. On October 3, 2008, the Court entered a judgment and commitment sentencing defendant to 15 years imprisonment. Dkt. # 45.

On May 2, 2016, defendant filed a pro se § 2255 motion seeking relief under the Supreme Court's decision in Johnson. In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that Johnson is retroactively applicable to cases on collateral review. Johnson was decided by the Supreme Court on June 26, 2015, and a motion seeking relief under Johnson would be timely if it were filed no later than June 27, 2016.[1] See Dodd v. United States, 545 U.S. 353 (2005) (one year statute of limitation under § 2255 (f)(3) runs from the date that the Supreme Court initially recognized a new constitutional right, rather than the date the new right was made retroactive to cases on collateral review). Defendant's § 2255 motion is timely and the Court ordered plaintiff to respond to the motion. Plaintiff filed a response (Dkt. # 53) to defendant's § 2255 motion. The Federal Public Defender for the Northern District of Oklahoma filed a motion seeking to be appointed as counsel for defendant, and counsel requested leave to file a supplemental brief. Dkt. # 55. Defendant has filed a supplemental brief (Dkt # 58) with the assistance of counsel, and plaintiff has filed a response (Dkt. # 59) to defendant's supplemental brief.

## II.

Defendant was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and, under § 924(a)(2), the maximum punishment for this offense is 10 years imprisonment. However, if a defendant has three or more prior convictions that qualify as a violent felony or a serious drug offense, the defendant is subject to a statutory mandatory minimum sentence

---

[1] In calculating the one year statute of limitations under § 2255, federal courts refer to Fed. R. Civ. P. 6(a) to compute the applicable deadline. United States v. Hurst, 322 F.3d 1256, 1260 (10th Cir. 2003). Under Rule 6(a)(1)(C), if a deadline falls on a Saturday, Sunday, or legal holiday, the time period continues to run until the next day that is not a weekend or legal holiday. June 26, 2016 was a Sunday and defendant's deadline to file a § 2255 motion asserting a Johnson claim was June 27, 2016.

3

of 15 years and a possible maximum sentence of life imprisonment under the ACCA. Prior to Johnson, the ACCA defined "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that --
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another;
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2). The last section of this definition treating a prior conviction as a violent felony if it "involves conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause." In Johnson, the Supreme Court found that the residual clause was unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. Johnson, 135 S. Ct. at 2556-57. Johnson does not impact the validity of any other provision of the ACCA, and the Supreme Court stated that "[t]oday's decision does not call into question application of the Act to the four enumerated offenses [burglary, arson, extortion, or involves the use of explosives], or the remainder of the Act's definition of a violent felony." Id. at 2563. The Supreme Court subsequently determined that Johnson is retroactively applicable to cases on collateral review. Welch, 136 S. Ct. at 1268.

Courts generally apply a categorical approach to determine if a prior conviction qualifies as a predicate offense under the ACCA. Taylor v. United States, 495 U.S. 575, 588-89 (1990). Under the categorical approach, courts "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime –i.e., the offense as commonly

4

understood." Descamps v. United States, 133 S. Ct. 2276, 2281 (2013). A prior conviction qualifies as a predicate offense under the ACCA "only if the statute's elements are the same as, or narrower than, those of the generic offense." Id. The Tenth Circuit has described the application of the categorical approach as follows:

> [D]etermining whether a prior conviction falls under the ACCA, we apply a "categorical approach," generally looking only to the fact of conviction and the statutory definition of the prior offense, and do not generally consider the particular facts disclosed by the record of conviction. That is, we consider whether the elements of the offense are of the type that would justify its inclusion within the ACCA, without inquiring into the specific conduct of this particular offender. To satisfy this categorical approach, it is not necessary that every conceivable factual offense covered by a statute fall within the ACCA. Rather, the proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, qualifies under the ACCA as a violent felony or a serious drug offense.

United States v. Smith, 652 F.3d 1244, 1246 (10th Cir. 2011). A prior conviction may be treated as a violent felony under the "elements" clause if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(I). The Supreme Court has interpreted "physical force" to mean "violent force–that is, force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010). In applying the "elements" clause, a court must consider only "whether the statute of conviction required proof of the use, threatened use, or attempted use of physical force." United States v. Maldonado-Palma, 839 F.3d 1244, 1248 (10th Cir. Oct. 25, 2013).

**A.**

Before proceeding to the parties' substantive arguments, the Court finds that it is necessary to clarify defendant's criminal history, because the parties' arguments are based on a different characterization of defendant's prior convictions than is stated in the PSR. The PSR identifies at least eight prior convictions that at the time could have been considered violent felonies under the

5

ACCA. However, the parties are in agreement that the PSR does not accurately state defendant's criminal history and the parties' briefing is based on a re-stated criminal history including five relevant convictions that could be considered for application of the ACCA.

The parties agree that the relevant convictions for potential application of the ACCA are defendant's convictions for robbery with a firearm, aggravated assault and battery, second degree burglary, and two convictions for larceny from a person. Dkt. # 53, at 7-13; Dkt. # 58, at 2. The Court has reviewed the evidence submitted by the government and finds that this is the appropriate characterization of defendant's criminal history. In 2003, defendant was charged with robbery by force in violation OKLA. STAT. tit. 21, § 791, and this was identified as a predicate offense for application of the ACCA in the PSR. Dkt. # 53-5, at 2. However, defendant actually pled guilty to aggravated assault and battery pursuant to a plea agreement. Dkt. # 53-6. Defendant concedes that aggravated assault and battery qualifies as a violent felony after Johnson. Dkt. # 58, at 2. The PSR states that defendant had convictions for robbery with firearms and armed robbery, and the convictions are listed separately as predicate offenses under the ACCA. The parties agree that these convictions were for the same conduct and the offenses should count as only one prior conviction under the ACCA. Dkt. # 58, at 2; Dkt. # 59, at 7. The Court will treat these convictions as a single conviction for robbery with firearms, and defendant concedes that his conviction for robbery with firearms is still a violent felony. Dkt. # 58, at 2. Defendant has two prior convictions for larceny from a person and the parties are in agreement that these convictions no longer qualify as violent felonies in light of Johnson. Dkt. # 53, at 7; Dkt. # 58, at 2. The Court has reached the same conclusion in a prior case and has found that larceny from a person is no longer a violent felony under the ACCA. United States v. Glover, 2016 WL 2760386 (N.D. Okla. May 12, 2016).

Defendant has a 1982 conviction for second degree burglary and the parties dispute whether this conviction still qualifies as a violent felony.

In light of this clarification of defendant's criminal history, the Court finds that defendant's convictions for aggravated assault and battery and robbery with firearms still qualify as violent felonies, but his convictions for larceny from a person are no longer violent felonies. The dispute between the parties concerns whether second degree burglary is still a violent felony in light of the Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016). The government takes the position that Mathis does apply to cases on collateral review, because it did not announce a new rule of law. Dkt. # 59, at 13. The Supreme Court has stated that a new rule of law applies to cases on collateral review in limited circumstances, but an old rule applies to cases on direct and collateral review. Whorton v. Bockting, 549 U.S 406, 416 (2007). A Supreme Court decision announces a new rule if the rule "was not 'dictated by precedent existing at the time the defendant's conviction became final.'" Id. (citing Saffle v. Parks, 494 U.S. 484, 488 (1990)). In an unpublished decision, the Tenth Circuit has stated that Mathis did not announce a new rule of law, and the Seventh Circuit has reached the same decision. Holt v. United States, 843 F. 3d 720, 722 (7th Cir. 2016); United States v. Taylor, 672 F. App'x 860 (10th Cir. Dec. 6, 2016).[2] The Court will apply Mathis in determining whether defendant's second degree burglary conviction is a predicate offense under the ACCA.

---

[2]  Unpublished decisions are not precedential, but they may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

**B.**

The Court's ruling on defendant's § 2255 motion depends on whether the Court finds that defendant's conviction for second degree burglary is a violent felony under the ACCA. The parties agree that defendant has prior convictions for aggravated assault and battery and robbery with firearms that remain violent felonies after Johnson, and the critical issue is whether defendant has a third prior conviction that would still qualify as a violent felony. The government concedes that defendant's convictions for larceny from a person are not violent felonies, and this leaves only defendant's second degree burglary conviction for consideration for the potential application of the ACCA.

The first issue that the Court must decide is whether the categorical approach or the modified categorical approach should be used to determine whether defendant's conviction for second degree burglary is a violent felony. The statute of conviction states as follows:

> Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection, in which property is kept, or breaks into or forcibly opens, any coin-operated or vending machine or device with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree.

OKLA. STAT. tit. 21, § 1435. Burglary is specifically listed as a violent felony in § 924(e) but the statute does not define burglary. In Taylor v. United States, 495 U.S. 575 (1990), the Supreme Court noted that the elements of burglary vary from state to state, and it supplied a definition of generic burglary for federal courts to use in determining whether a conviction under a state burglary statute constitutes a violent felony under the ACCA. To qualify as a generic burglary under Taylor, a state statute must contain the elements of "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Id. at 598. Courts are generally limited

8

to consideration of the language of the state statute of conviction in determining whether an offense is a generic burglary and, if the state statute necessarily defines burglary more broadly than the generic definition, it may not be treated as a predicate offense under the ACCA. Descamps v. United States, 133 S. Ct. 2276, 2285-86 (2013). However, if the state burglary statute lists elements in the alternative, a modified categorical approach may be applied to determine if defendant was convicted of a generic burglary, and certain documents may be considered by the sentencing court to determine whether defendant committed a generic or non-generic offense. Id. at 2286. In Mathis, the Supreme Court clarified that application of the modified categorical approach applies when a single statute "lists elements in the alternative . . . and thereby define[s] multiple crimes." Mathis, 136 S. Ct. at 2249. Under the modified categorical approach, "a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." Id. This is distinguishable from a situation in which a statute contains a single offense but lists alternative means for committing an element of that offense, because in such a situation the sentencing court must consider only the elements of the statute of conviction to determine if an offense qualifies as a predicate offense under the ACCA. Id. at 2250.

The government argues that the Court should apply the modified categorical approach, because the alternative locations that can be broken into are elements of separate offenses, rather than alternative means of committing a single offense. Dkt. # 59, at 15. The government cites cases from the Oklahoma Court of Criminal Appeals in which that court referred to the specific location of the place burgled as an element of the offense of second degree burglary. Id. at 17. Relying on the text of the statute, the government argues that the statute does not contain a list of "illustrative

9

examples" but, instead, a list of distinct and "mutually exclusive" locations that are elements of separate offenses. Id. at 19-20. Based on these arguments, the government asks the Court to review the charging document to determine if the offense committed by defendant would qualify as a generic burglary under Taylor. Id. at 21-25.

The Tenth Circuit has considered whether a sentencing court should apply the categorical or modified categorical approach in determining whether a conviction under § 1435 is a violent felony under the ACCA. In an unpublished decision, the Tenth Circuit found that "the Oklahoma statute 'covers more conduct than generic burglary does,'" because the Oklahoma statute "covers entry into additional places, such as tents, railroad cars, automobiles, trucks, trailers, and vessels." Taylor, 672 F. App'x at 863. The Tenth Circuit further stated that it would be reversible error for a district court to apply the modified categorical approach in analyzing whether a conviction for second degree burglary under Oklahoma law is a violent felony. Id. Federal district courts within Oklahoma have consistently applied the categorical approach and have found that a conviction for second degree burglary no longer qualifies as a violent felony in light of Mathis. United States v. Bias, 2017 WL 3326457 (N.D. Okla. Aug. 3, 2017); United States v. Broom, 2017 WL 2838201 (W.D. Okla. June 30, 2017); United States v. Burns, 2017 WL 2633086 (W.D. Okla. Apr. 18, 2017); United States v. Hamilton, 235 F. Supp. 3d 1229 (N.D. Okla. 2017). The Court has independently considered the issue and agrees that a sentencing court should apply the categorical approach to determine if a conviction under § 1435 is a violent felony. The statutory list of locations that can be burgled are properly considered as alternative means for a single element of a burglary offense, rather that as elements of distinct and separate burglary offenses. The state court cases cited by the government stand for the proposition that a charging document must provide fair notice of the place

10

allegedly burgled by a defendant, but the cases do not suggest the state courts would treat each location listed in § 1435 as a separate and distinct offense as a matter of state law. See Ross v. State, 147 P.3d 797 (Okla. Crim. App. 1944); Simpson v. State, 113 P. 549 (Okla. Crim. App. 1911). The Oklahoma Uniform Jury Instructions do not contain a separate instruction for second degree burglary depending on the location broken into but, instead, there is a single instruction for second degree burglary containing a list of alternative locations that can be burgled. Oklahoma Uniform Jury Instructions CR 5-13. This strongly supports the conclusion that the different locations are alternate means for committing the offense of second degree burglary, rather than elements of numerous second degree burglary offenses. The list of alternative locations includes many places that could not qualify as a "building or other structure" as required for a generic burglary, and the Court finds that the plain language of § 1435 necessarily includes conduct outside the scope of a generic burglary offense. The Court agrees with other federal district courts within Oklahoma that have found that a conviction for second degree burglary under Oklahoma law can no longer be considered a violent felony under the ACCA, and the Court finds that defendant's second degree burglary conviction is not a violent felony.

Based on this finding, defendant has only two prior convictions that qualify as violent felonies and he is not eligible for sentencing under the ACCA. Defendant was sentenced to 180 months imprisonment, and this clearly exceeds the 10 year statutory maximum under § 924(a)(2). Defendant's § 2255 motion (Dkt. # 49) should be granted, and he shall be brought to this district expeditiously for a re-sentencing hearing.

**IT IS THEREFORE ORDERED** that defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. # 49) is **granted**, and the judgment and commitment (Dkt. # 45) is **vacated**.

**IT IS FURTHER ORDERED** that a resentencing hearing is set for **October 3, 2017 at 9:00 a.m.**[3] The United States Marshal is directed to expeditiously arrange for the transportation of defendant to this Court for his resentencing hearing.

**DATED** this 5th day of September, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[3] The date of the resentencing hearing can be accelerated if the defendant has been transported to this district and the parties have no objections to a revised PSR.